**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1101
_____

IN RE: FRANK NELLOM,
                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2-18-cv-04324)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 9, 2023

Before: KRAUSE, PORTER, and AMBRO, Circuit Judges

(Opinion filed:  February 23, 2023)
_____

OPINION[*]
_____

PER CURIAM

        Frank Nellom petitions for a writ of mandamus.  For the reasons that follow, we

will deny the petition.

        The writ of mandamus will issue only in extraordinary circumstances.  See Sporck

v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  Nellom must show that he lacks adequate

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

alternative means to obtain the relief he seeks, and he carries the burden of showing that his right to relief is clear and undisputable. See Mallard v. U.S. Dist. Court for S. Dist. of Ia., 490 U.S. 296, 309 (1989).

In his petition, Nellom requests that we certify a question to the Supreme Court of Pennsylvania: whether the Superior Court's decision in Commonwealth v. Nellom, 565 A.2d 770 (Pa. Super. Ct. 1989), was carried out. In that decision, the Superior Court vacated Nellom's convictions for rape and Involuntary Deviate Sexual Intercourse (IDSI) and remanded for a new trial. At his retrial, Nellom was convicted of rape but acquitted of IDSI.

We may certify to the highest court of a state a question of state law which will control the outcome of a case pending in federal court. See 3d Cir. L.A.R. Misc. 110.1 (2011). Nellom, however, is not clearly and indisputably entitled to have his question certified to the Supreme Court of Pennsylvania. The Superior Court's decision was carried out: Nellom was retried. Therefore, the answer the question for which he seeks certification is clear. See United States v. Defreitas, 29 F.4th 135, 141 (3d Cir. 2022) (noting that "[c]ertifying a question where the answer is clear is inappropriate and unnecessary."). Contrary to Nellom's mistaken belief, the Superior Court did not state that Nellom must be either convicted of both charges or acquitted of both charges at

2

retrial.[1] Moreover, his rape conviction was reviewed by the state courts on direct appeal and during PCRA proceedings.[2] Thus, he has had prior opportunities to have the state courts address his question.

Nellom is not entitled to the mandamus relief that he seeks. Accordingly, we will deny the mandamus petition. His request that Respondents be ordered to file an answer is denied.

---

[1] Nellom contends that his acquittal on the IDSI charge required that he be acquitted of rape as well. He appears to base this on language in the 1989 Superior Court opinion: "The primary issue for the jury in this case was whether there had been forcible rape or consensual sexual intercourse." Nellom, 565 A.2d at 776. However, the court was explaining that the case came down to credibility and that the character evidence at issue in the appeal was important. The Superior Court did not conclude that the *only* issue in the case was consent.

[2] While Nellom attaches to his petition a 2014 order of the Court of Common Pleas expunging the rape charge, he fails to mention that the order was mistakenly entered and subsequently vacated. See Commonwealth v. Nellom, No. 1529 EDA 2014, 2016 WL 490024, at *2 (Pa. Super. Ct. Feb. 5, 2016).